**TURNBAUGH et v GORDON OIL CO et**

Ohio Appeals, 5th Dist, Tuscarawas Co

No 395. Decided Dec 22, 1931

LEMERT, J.

From a careful examination of the record, we are convinced that the testimony submitted in the Court below clearly shows; First: That The Gordon Oil Company drilled into the Niagara Sand on said premises and discovered oil and gas in paying quantities on April 22, 1930, and that said well has been producing oil therefrom ever since that time. Second: That the defendants Peters and Patterson never commenced a well on said premises and never paid Martha Carroll and W. H. Carroll, or either of them, the Fifty Dollars per month provided in their lease, or any portion thereof.

Two legal propositions present themselves to the Court in this case. The first is, by what right can the defendants Peters and Patterson challenge the validity or term of the lease of Ferguson and McCullough? And the second has to do with the term of said lease and its present affect.

The only rights that Peters and Patterson have in and to said premises were created by their lease dated February 17, 1930. They must stand upon this lease and they are bound by it. They practically admit that they never commenced a well on said premises and that they never paid the Fifty Dollars nor any part thereof provided in their lease. The testimony in the record of Mrs. Peters, Mr. Patterson, and Mr. and Mrs. Carroll, sustain this contention.

So that we believe that where one lessee seeks to attack the validity of another lessee's lease, on the ground of non-performance, and where the leases are practically similar in all respects, except as to time, the challenger must show that he has performed the requirements of his lease in such a way that he is entitled to maintain his action. Peters and Patterson not only failed to make such a showing, but the proof, as shown in the record, is to the contrary. Peters and Patterson complain that The Gordon Oil Company's lease is ineffective because a well was not drileld within one year and oil or gas produced therefrom in paying quantities. More than one year has expired since the date of their lease and they admit that they did not drill any well upon said premises. By the rule which they seek to invoke against The Gordon Oil Company and others, to invalidate their lease, then their own lease is invalidated and they would therefore have no right to maintain this action.

Upon the record before us, this being a case in equity, we believe that Peters and Patterson have no standing in Court, for the reason that they do not seek to do equity. They wish to gain all the advantages of the exploration done and expenses incurred by The Gordon Oil Company, oust them from the premises and acquire the well and the oil and gas underlying said premises for their own use, without offering compensation therefor.

It is not equity for a person to stand by without asserting any claim whatsoever until the expiration of a certain date, and then, after oil and gas are discovered, seek to invoke the jurisdiction of equity to recover possession of that which they did not claim before, without compensation.

The Ferguson and McCullough lease was for a period of one year and so much longer thereafter as oil, gas, or their constituents, are produced in paying quantities.

The record in this case showing that the well was drilled in and oil discovered on the 23rd of April and produced on the 24th and thereafter, we believe is within the time as covered and stipulated by said lease. According to the testimony of the witnesses for The Gordon Oil Company and its record of drilling and production, that the same was drilled into and oil discovered on the 22nd and produced on the 23rd, then both the discovery and production of oil occurred within the year; so that there can be no doubt about the extension of the term. The fact that oil or gas was discovered in paying quantities within the year is sufficient to continue the lease beyond the stipulated time and regardless of the fact whether production immediately followed or came within a reasonable time.

In the case of **Murdock-West Company vs Logan, 69 Oh St**, the Court said in construing a similar clause in a lease:

"In order to continue their lease beyond the stipulated time it was necessary for the

lessees to find oil in paying quantities. For this purpose it was not sufficient to complete a well having some indication of oil, or a well which might be developed into a well producing oil in paying quantities, but the lessees must actually find oil in paying quantities, **and this is the same as obtaining and producing it in paying quantities.**"

In computing the time a lease has to run the day of the lease is excluded and the last day of the term is included, which would make the term of one year expire at midnight on April 23, 1930.

Sec 10216 GC provides: "Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last day, except that the last shall be excluded if it be on Sunday."

In the **116th Oh St 249,** the third section of the Syllabus is as follows:

"**Sec 10216 GC,** applies generally to all acts acquired or permitted by law to be done, and is not limited in its application to Part 3 of the General Code. **Kerr vs Keil, Oh St 60, overruled.**"

"The universal rule is now that the day of the date is excluded and the last day of the period included."
28 **American & English Encyclopedia, 215; 77 Oh St 489.**

Another case applicable, we think, to the case at bar, is found in 26 **R C L,** at page 745, wherein it may be noted that, "Courts will always adopt that construction which will uphold and enforce, rather than destroy, bona fide transactions. In cases of this kind, where diligent effort has been made to comply with the lease, Courts of Equity, in order to prevent injustice from being done, hold, that a substantial compliance with the terms of the lease will extend the term."

In the case of **Hollister vs Vandegriff, 12 C C NS, 586,** it was held that, "Where an oil well was substantially completed at the expiration of the time limited, so that within, at the most, a few days thereafter it was a paying well, the lessee was entitled to avail himself of the privilege of extending the duration of the lease so long as oil and gas was produced in paying quantities."

In a West Virginia case, reported in 84 South Eastern, 836, the Court held that "where, before the time has expired for the performance of the contract, there has been such substantial compliance therewith by a party thereto that gross injustice would be

done him by denying him relief, Equity will grant him relief, as from a forfeiture."

Therefore we find, from an examination of the whole of the record herein, that the preponderance of the evidence is, that the sand was drilled into and oil discovered on the 22nd day of April, 1930, and produced in paying quantities on the 23rd of April, 1930, and that, under the testimony in the instant case and the rules of law hereinbefore laid down, the lease of Ferguson and McCullough did not expire but that the same continues to be a subsisting lease on the Carroll Farm so long as The Gordon Oil Company continues to produce oil therefrom in paying quantities. Therefore, entry may be drawn in accordance with this Opinion.

SHERICK, PJ and MONTGOMERY, J, concur.